IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STANLEY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: CV 04-P-0105-M |
| | } | |
| GADSDEN CULTURAL ARTS | } | |
| FOUNDATION, INC., | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

I.   Introduction

Pending before the court is Defendant's Motion to Dismiss (Doc. #23) filed on September 24, 2004. The issue before the court is whether Defendant Gadsden Cultural Arts Foundation, Inc. (the "Foundation") employs a sufficient number of persons such that it constitutes an "employer" within the meaning defined under Title VII. Because the court determines that a material factual dispute exists as to whether the Foundation is an employer within the meaning of Title VII, the court has subject matter jurisdiction over Plaintiff's case, and the Foundation's Motion to Dismiss is due to be denied.

II.  Facts and Procedural History

Plaintiff filed his complaint with the court on January 16, 2004. (Doc. #1). On March 17, 2004, the Foundation filed its first motion to dismiss. (Doc. #7). By order entered on May 17, 2004, the court mooted the Foundation's first motion to dismiss, stayed the case partially, and allowed the parties time to engage in discovery limited to the jurisdictional inquiry of the Foundation's status as an employer *vel non* under Title VII. (Doc. #17). On October 15, 2004, the court denied Plaintiff's

request to convert the Foundation's Motion to Dismiss to one for summary judgment.[1] (Doc. #27). The court has studied the parties' written filings, and heard oral argument on the motion at its October 29, 2004 motion docket.

Plaintiff claims that he was harassed during the year 2003. (Doc. #1 ¶ 8). The Foundation pays its employees on its payroll roster twice a month. (Doc. #23 at 1). With respect to the analysis of the Foundation's 2003 payroll roster, the Foundation concedes that it employed fifteen or more persons for 15.19 weeks during the 2003 calendar year and fifteen or more persons for 13.02 weeks during the 2002 calendar year.[2] (Doc. #23 at 2). The Foundation utilizes teachers and instructors to fulfill its cultural mission. Teachers do not receive vacation or sick leave pay. (Doc. #23 at 6). Moreover, they do not appear on the Foundation's payroll list and do not have social security deducted from their checks. (Doc. #25 at 2; Doc. #23 at 6). Similarly, Dale Powell, who serves as a janitor and a fill-in employee for the Foundation on occasion, is not included on the Foundation's payroll list and does not have social security deducted from his check. (Doc. #28 at 8). The Foundation does not offer retirement benefits to anyone. Welch Depo. at 49.[3]

III.   Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1]By separate order, the court will vacate this prior ruling, which as discussed more fully below, is inconsistent with the binding precedent of *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997), which calls for the court to convert Defendant's motion to one for summary judgment.

[2]These calculations assume that each individual was employed each work day of each week of each pay period.

[3]The entire transcript of Bobby Welch's deposition is included in Doc. #26 at Ex. A.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the

non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

IV.     Analysis

The issue of whether a defendant meets Title VII's definition of "employer" is jurisdictional. *See Lyes v. City of Rivera Beach*, 166 F.3d 1332, 1340 (11th Cir. 1999). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). The "current year" is the year in which the alleged discrimination took place.

Because the Foundation is challenging whether it is an "employer" under Title VII, it is launching a factual attack on subject matter jurisdiction rather than a facial one, which is limited to those situations in which a court examines whether a plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). When a factual attack on subject matter jurisdiction also implicates an element of the cause of action, then "the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case . . . ." *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415) (5th Cir. 1981)). Moreover, under such circumstances, the district court is required to proceed under Rule 12(b)(6) or Rule 56 analysis unless the plaintiff's case is clearly immaterial or insubstantial. *Garcia*, 104 F.3d at 1261.

The Foundation's position is that all of its instructors and teachers are independent contractors, appear on the organization's vendor list (rather than the payroll one) for compensation, and exercise independence such that none of them are employees of the Foundation. During oral argument, Plaintiff stated that the Foundation's management of its teachers and instructors was not uniform and more specifically that the evidence surrounding the Foundation's former dance instructor, Sarah Wiggins, was Plaintiff's strongest example of an employee-employer relationship rather than an independent contractor one.[4] Accordingly, the court will analyze the nature of the relationship between the Foundation and Ms. Wiggins.

---

[4]Unlike the situation with Dale Powell, the court's analysis of Sarah Wiggins is pivotal from a formula standpoint–the Foundation concedes that if Sarah Wiggins is an employee, then it is an employer under Title VII.

The Foundation's Executive Director, Bobby Welch, testified about the importance of all the Foundation's components, including the dance program, and agreed that they "are crucial to the goal and mission" of the organization. Welch Depo. at 37, 38-39. Ms. Wiggins was the Foundation's only dance teacher during 2002 and half of 2003. Welch Depo. at 74. Ms. Wiggins did not have a written contract with the Foundation, and she voluntarily resigned from her position as dance teacher in 2003 due to family reasons. Welch Depo. at 74. The Foundation hired Rachel Inmon to replace Ms. Wiggins, and placed her on its employee payroll list rather than on its vendor ledger. Welch Depo. at 25-26. While Ms. Wiggins was on the Foundation's vendor list, for the year of 2002, she regularly taught dance classes, was paid essentially once a month, and earned over $17,111.00. (Doc. #26 at Ex. B). Accordingly, Ms. Wiggins was much unlike an instructor handling one workshop, filling in for a random class, or providing the Foundation with a commissioned project. The Foundation provided Ms. Wiggins with suitable facilities and equipment to teach enrolled students dance such as sound systems and mirrored walls. Welch Depo. at 59.

In *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 341 (11th Cir. 1982), the Eleventh Circuit held that the term employee in Title VII cases should be governed by "the economic realities of the relationship viewed in light of the common law principles of agency and the right of the employer to control the employee[.]" The Eleventh Circuit also cited eleven common-law factors to guide a court's determination of whether a person is an employee or an independent contractor under Title VII:

(1) the kind of occupation, specifically whether the work is usually performed under the direction of a supervisor;

(2) the skill required to perform the particular occupation;

(3) whether the "employer" or the individual furnishes the equipment used and place of work;

(4) the length of time the individual has worked;

(5) the method of payment, whether by time or by the job;

(6) whether one or both parties have the right to terminate the relationship with or without notice;

(7) whether leave or vacation is afforded;

(8) whether the work is an integral part of the "employer's" business;

(9) whether the individual accumulates retirement benefits;

(10) whether the "employer" pays social security taxes; and

(11) the intention of the parties.

*Id.* at 340. As many relationships will have a mixture of evidence on the issue, *i.e.* factors for and against employee status, the court must determine, on balance, what the totality of the evidence demonstrates. *Id.* at 342.

Undoubtedly, the evidence presented to the court here constitutes a close mixed case. That being the situation and under the principles espoused in the *Garcia* case,[5] "the resolution of the question must be made by the fact finder deciding the merits of the claim." 104 F.3d at 1264. Critical to the court's determination that a material factual dispute exists regarding the issue are the importance of dance to the Foundation's overall mission, the duration and regular nature of Ms. Wiggins's dance instruction as the Foundation's sole teacher, and the Foundation's subsequent reclassification of the dance instructor position to employee status when it hired Ms. Wiggins's

---

[5]The court acknowledges that the *Garcia* case involved claims under the ADEA, but still finds it to be controlling in the context of a Title VII subject matter jurisdiction factual attack given the plethora of common governing principles that the two bodies of law share.

replacement and charged her with the goal of "**further** developing the dance program." Welch Depo. at 26 (emphasis added).[6] The only two new areas of responsibility for the position were to "develop an early childhood movement program and to develop an educational awareness dance in the community." Welch Depo. at 27.[7] Such a significant change in status from contractor to employee with only a limited increase in the position's overall responsibilities tends to suggest that the Foundation substantively deemed Ms. Wiggins to have been the employee in charge of developing its dance program and that it should have included Ms. Wiggins on its payroll list throughout her time of service at the Foundation.

V.  Conclusion

Assessing the totality of the evidence in the framework of common-law principles, the court concludes that a material factual dispute exists on the issue of the Foundation's status as an employer.[8] Accordingly, the Foundation's Motion to Dismiss for lack of subject matter jurisdiction is due to be denied. The court will enter an order consistent with this Memorandum Opinion.

**DONE** this ___12th___ day of November, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[6]If Ms. Wiggins's replacement is charged with furthering the development of the Foundation's dance program, then it makes sense that her predecessor, Ms. Wiggins, was similarly responsible for developing the dance program.

[7]The court notes that Mr. Welch's subsequently supplied testimony by affidavit provides a more expansive description of the role of Ms. Wiggins's replacement. (Doc. #29 ¶ 11). However, based upon the principles espoused in *Van T. Junkins & Assocs. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984), the court discounts the latter evidence.

[8]Because the court determines that a material factual dispute exists as to the status of Ms. Wiggins as an employee, it does not need to address other issues raised about the classification of other instructors and Mr. Powell.